FILED'08 OCT 14 15:11 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRADLEY CHRISTOPHER HOLBROOK,    Civ. No. 08-1033-AA

    Plaintiff,    ORDER TO PROCEED
*IN FORMA PAUPERIS* AND
  v.    ORDER OF DISMISSAL

STATE OF OREGON, et al.,

    Defendants.

AIKEN, Judge:

    Plaintiff moves to proceed in forma pauperis (doc. 1, filed September 3, 2008). An examination of plaintiff's affidavit reveals that plaintiff is unable to afford the costs of this action. Accordingly, IT IS ORDERED that the provisional *in forma pauperis* status given the plaintiff is confirmed. This action may go forward without the payment of fee or costs.

    Plaintiff files suit under 42 U.S.C. § 1983 and challenges an

1   - ORDER TO PROCEED *IN FORMA PAUPERIS* AND ORDER OF DISMISSAL

order of the Oregon Board of Parole and Post Prison Supervision (the Board) that requires plaintiff to enter into and complete an approved sex offender treatment program as a condition of his supervision arising from his conviction of felony Sex Abuse. Plaintiff claims that he is actually innocent of the charge and is currently appealing the denial of his petition for post-conviction relief before the Oregon Court of Appeals.

Plaintiff alleges that the Board's order requiring sex offender treatment violates his right against self-incrimination, because the treatment program allegedly requires plaintiff to admit guilt and accept responsibility for his conviction. Further, plaintiff argues that the order violates his right to due process because he received no notice or opportunity to be heard before the Board imposed the condition of sex offender treatment. Finally, plaintiff contends that the order constitutes a "taking," because it requires him to pay for the costs, or a portion of the costs, of sex offender treatment. Plaintiff seeks injunctive relief enjoining the portion of the Board's order that requires him to enter into and complete sex offender treatment.

Construing plaintiff's complaint liberally, plaintiff fails to allege a claim that would entitle him to relief. Plaintiff challenges a condition of parole and post-prison supervision, a condition that is part of his criminal sentence and violation of which warrants incarceration or sanction. Therefore, plaintiff's

2    - ORDER TO PROCEED *IN FORMA PAUPERIS* AND ORDER OF DISMISSAL

claim must be brought as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 rather than as a civil rights action under § 1983. Generally, the court would allow plaintiff to proceed under § 2254. However, § 2254 requires the exhaustion of state remedies before a petitioner may seek relief in federal court. Based on plaintiff's own allegations, he is currently appealing the Board's decision and may seek judicial review before the Oregon Court of Appeals. Therefore, plaintiff has not exhausted his state remedies and allowing him to proceed pursuant to § 2254 would be futile at this time.

Accordingly, plaintiff's Motion for Temporary Injunction (doc. 3) is DENIED, and plaintiff's claims are DISMISSED without prejudice.

IT IS SO ORDERED.

Dated this 10 day of October, 2008.

_____
Ann Aiken
United States District Judge

3    - ORDER TO PROCEED *IN FORMA PAUPERIS* AND ORDER OF DISMISSAL